**Larry Martin ROCHE, Plaintiff– Appellant**

v.

**Doug DRETKE, Director, Texas Department of Criminal Justice, Correctional Institutions Division; Unknown Teems, Employee of CMC; Peggy Unknown, Employee of CMC; John Doe, 1, Director of University of Texas Medical Branch; John Doe, II, Medical Manager for UTMB, Estelle Unit; John Doe, III, Medical Manager for UTMB, Powledge Unit; John Doe, IV, Director of Correctional Management Care, Defendants–Appellees.**

No. 06–40480
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 26, 2007.

Larry Martin Roche, Palestine, TX, pro se.

Before WIENER, GARZA, and PRADO, Circuit Judges.

PER CURIAM: *

Plaintiff–Appellant Larry Martin Roche, Texas prisoner # 1079651, appeals the denial of his Fed.R.Civ.P. 60(b) motion, wherein he sought relief from a judgment dismissing his 42 U.S.C. § 1983 suit for failure to exhaust administrative remedies. Roche contends that the magistrate judge abused her discretion by denying his Rule 60(b) motion, insisting that he had exhausted the remedies that were available to him. Alternatively, he asserts that the exhaustion requirement should have been excused, because prison officials prevented him from filing timely grievances.

Roche's appeal from the denial of his Rule 60(b) motion does not bring up the underlying judgment for review. *In re Ta Chi Navigation (Panama) Corp. S.A.*, 728 F.2d 699, 703 (5th Cir.1984). We review the magistrate judge's denial of Roche's Rule 60(b) motion for abuse of discretion.

---

*See Warfield v. Byron,* 436 F.3d 551, 555 (5th Cir.2006). Roche's Rule 60(b) motion did not indicate the statutory basis for reconsideration, and did he raise any new issues in the motion. Roche has not demonstrated that the magistrate judge abused her discretion by denying his Rule 60(b) motion. *See Matter of Colley,* 814 F.2d 1008, 1010–11 (5th Cir.1987).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.